PEOPLE v DeGEER

Docket No. 73321. Submitted November 7, 1984, at Grand Rapids.—
Decided January 2, 1985.

Jeffrey E. DeGeer was convicted of breaking and entering a dwelling, Midland Circuit Court, Tyrone Gillespie, J. Defendant appealed, alleging that the trial court erroneously allowed into evidence a transcript of a monitored telephone call defendant made from the county jail. *Held:*

The recording of the telephone call did not violate any of defendant's constitutional or statutory rights. Therefore, admission of the transcript of the call was not error.

Affirmed.

CRIMINAL LAW — EVIDENCE — TELEPHONE CONVERSATIONS — EXPECTATION OF PRIVACY.

The recording of outgoing telephone calls from a jail or prison does not violate an individual's constitutional or statutory rights; an accused has only a limited expectation of privacy in a conversation held on a jail telephone and the transcript of such a conversation may be admitted into evidence at the accused's preliminary examination or trial.

*William J. Ginster,* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and T. L. BROWN,* JJ.

R. B. BURNS, P.J. Defendant was convicted by a jury of breaking and entering a dwelling, MCL 750.115; MSA 28.310. He appeals and we affirm.

REFERENCES FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence § 433.

62 Am Jur 2d, Privacy § 40.

Admissibility of evidence obtained by wiretapping as affected by § 605 of Federal Communications Act—federal cases. 2 L Ed 2d 1603.

Eavesdropping as violating right of privacy. 11 ALR3d 1296.

* Circuit judge, sitting on the Court of Appeals by assignment.

While being held in the Midland County jail defendant made a telephone call from the telephone located at the booking desk. A sign located near the telephone read, "All telephone conversations are recorded". Defendant claimed that he did not see the sign. He used the telephone to call a friend, Gary Skym. During the course of the conversation with Skym, defendant admitted that he had broken into and entered the home of Linda Traub.

At the preliminary examination, Skym was allowed to testify from the transcript of the telephone conversation over defense counsel's repeated objections. Skym's testimony provided incriminating evidence establishing that defendant had engaged in criminal sexual assault and had broken into and entered Traub's house.

Prior to trial defendant moved to quash the information on the grounds that there was insufficient evidence to bind him over and that admission of the transcript of his telephone call from the Midland County jail violated his Fourth Amendment rights. The trial court denied the motion stating that defendant had only a limited expectation of privacy in his conversation at the jail. In addition, the court relied primarily upon *United States v Paul,* 614 F2d 115 (CA 6, 1980), *cert den* 446 US 941; 100 S Ct 2165; 64 L Ed 2d 796 (1980), for the conclusion that the recording of outgoing telephone calls from jails and prisons does not violate an individual's constitutional or statutory rights.

On appeal, defendant challenges the admissibility of the transcript of his telephone conversation.

In *United States v Paul, supra,* p 117, the court stated:

"The monitored calls in this case came in over the

prison switchboard and were then routed to telephones provided for inmate use within the institution. The district court found that the telephone monitoring took place pursuant to a policy statement issued by the Federal Bureau of Prisons as well as local prison rules. Although the issue was disputed, the court found that the telephone rules were posted and that the inmates had reasonable notice that monitoring of telephone conversations might occur.

"Under these circumstances, we conclude, as did the district court, that the monitoring took place within the ordinary course of the Correctional Officers' duties and was thus permissible * * *."

The district judge did not err in allowing the transcript of the telephone conversation to be used at the preliminary examination, nor did the circuit judge err in permitting its admission at trial.

Affirmed.